CONTE C. CICALA, State Bar No. 173554
conte.cicala@clydeco.us
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Plaintiff
AIR EXPRESS INTERNATIONAL USA, INC.
d/b/a DHL GLOBAL FORWARDING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIR EXPRESS INTERNATIONAL USA, INC. d/b/a DHL GLOBAL FORWARDING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMPREHENSIVE TRANSPORTATION SERVICES, INC.; ATS LOGISTICS SERVICES, INC., dba, SUREWAY TRANSPORTATION COMPANY; NV FREIGHT, INC.; and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No. 3:19-cv-3933<br><br>COMPLAINT FOR DAMAGES;<br><br>DEMAND FOR JURY TRIAL |

Plaintiff AIR EXPRESS INTERNATIONAL USA, INC. d/b/a DHL GLOBAL FORWARDING ("DGF") alleges as follows:

**JURISDICTION**

1.　This is an action between a citizen of Ohio and Florida, on one hand, and citizens of Delaware, Minnesota, Illinois and New Jersey on the other hand, and the matter in controversy exceeds $75,000. This action is within this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(2).  Additionally, or in the alternative, this action arises under the laws of the United States, including but not limited to 49 U.S.C. §14706, thus giving rise to federal question jurisdiction 28 U.S.C. §1331.

## INTRADISTRICT ASSIGNMENT

2. As this involves alleged damage to cargo which was transported by interstate motor carrier to Newark, California, this action should be assigned to the San Francisco or Oakland Division of this Court.

## THE PARTIES

3. Plaintiff DGF is now and at all times material herein was a corporation duly organized and existing under the laws of Ohio with its principal place of business in Plantation, Florida.

4. Defendant COMPREHENSIVE TRANSPORTATION SERVICES, INC. ("CTS") is, on information and belief, a corporation duly organized and existing under the laws of New Jersey, with its principal place of business in Linden, New Jersey.

5. Defendant ATS LOGISTICS SERVICES, INC., dba, SUREWAY TRANSPORTATION COMPANY ("ATS") is, on information and belief, a corporation duly organized and existing under the laws of Delaware with its principal place of business in St. Cloud, Minnesota.

6. Defendant NV FREIGHT, INC. ("NV FREIGHT") is, on information and belief, a corporate duly organized and existing under the laws of Illinois with its principal place of business in Countryside, Illinois.

7. The true names and capacities of defendants sued as Does are unknown to plaintiff. Each of the defendants was, at all times relevant, the agent, employee, joint venturer and/or co-conspirator of the others and acting in the course and scope of the agency relationship, employment, joint venture and/or co-conspiracy in performing the acts alleged, and each defendant has ratified and approved the acts of its agent(s).

## GENERAL ALLEGATIONS

8. This case arises out of physical damage and loss to certain cargo said to consist of Eleven Oracle X6-2 Server Systems, consigned under DGF HAWB IAD9722592 ("Subject Cargo"), by ORACLE America, Inc. ("Shipper").

9. DGF agreed with Shipper transport the Subject Cargo from Ashburn, Virginia to Newark, California. DGF, in turn, directly or indirectly contracted with CTS, ATS and NV Freight ("Defendants") to carry out the actual transportation of the Subject Cargo by interstate motor carriage.

10. The shipping instructions to Defendants, which Defendants accepted, included the following:

> "[…] Full white glove move – need to load at shipper and secure ALL pcs to the sidewall […] These racks will not have factory packaging but are very valuable and cannot fall over or take any traumatic impacts."

11. The Subject Cargo was tendered for carriage by Defendants on or about December 6, 2018 at Ashburn, Virginia, and arrived at its destination in Newark, California on or about December 11, 2018.

12. Upon arrival in Newark, California, it was determined that the Subject Cargo had been seriously damaged (the "Accident").

13. The shipping instructions described above were not followed by Defendants, and Defendants failed to properly load, secure and stow the Subject Cargo during carriage.

14. After the accident, the Shipper presented a claim to DGF for damage to the Subject Cargo.

15. DGF, in turn, tendered the claim to the Defendants hereto to respond, defend, indemnify and hold it harmless, but the Defendants failed to respond, leaving DGF to resolve the claim brought by the Shipper.

16. DGF settled the claim brought by the Shipper for $250,000, incurring damage thereby, and in addition incurred additional damages including investigation and survey costs, legal fees and other recoverable costs and expenses.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

17. DGF incorporates by reference paragraphs 1 to 16.

18. Defendants agreed by contract to carry the Subject Cargo from Ashburn, Virginia to Newark California, in a safe manner, delivering it at the destination in the same good order and condition under which it was tendered at origin.

19. While the Subject Cargo was in the custody of defendants, it was damaged, in breach of Defendants' obligations in contract.

20. DGF has been thereby damaged, according to proof.

### SECOND CLAIM FOR RELIEF

### (INDEMNITY – CARMACK AMENDMENT - <u>49 U.S.C. §14706 (b)</u>)

21. DGF incorporates by reference paragraphs 1 to 20.

22. DGF tendered the Subject Cargo to Defendants for interstate carriage by road.

23. During carriage by Defendants, the Subject Cargo suffered loss or injury.

24. As a consequence of same, DGF faced liability and was required to pay Shipper for the loss, incurring damage as a result, according to proof.

25. DGF is entitled to recover damages from the Defendants, accordingly.

### THIRD CLAIM FOR RELIEF - ALTERNATIVE

### (INDEMNITY - NEGLIGENCE)

26. DGF incorporates by reference paragraphs 1 to 25.

27. DGF tendered the Subject Cargo to Defendants for carriage and safekeeping and, upon request, for return in the same good order and condition as when received. Additionally, or in the alternative, DGF tendered the Subject Cargo to Defendants for arrangement of same, including ensuring that the Subject Cargo was properly loaded and stowed for carriage in a manner consistent with the instructions given and that was suitable for the nature of the Subject Cargo.

28. Thereafter, Defendant negligently failed to safely carry and keep the Subject Cargo, and/or failed to ensure the same, resulting in excess of $250,000 in damage.

29. As a consequence of Defendants' negligence and/or breach, DGF faced liability to Shipper and incurred damage as a result, according to proof.

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

**FOURTH CLAIM FOR RELIEF - ALTERNATIVE**

**(BAILMENT)**

30. DGF incorporates by reference paragraphs 1 to 29.

31. DGF tendered merchandise to Defendants for safekeeping and, upon request, for return in the same good order and condition as when received. Thus, a bailment was created

32. The Subject Cargo was Defendant's custody. Damages exceed $250,000.

33. Defendants breached the bailment contact by not safekeeping the Subject Cargo and by not being able to deliver it upon request to a designated location in the same good order and condition as when received.

34. DGF was damaged thereby, according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff DGF prays judgment as follows:

1. For damages in excess of $250,000, according to proof.

2. For interest thereon at the legal rate.

3. For all costs of suit, attorney fees and other expenses herein incurred;

4. For such and other relief as the Court may deem proper.

Dated: July 9, 2019                   CLYDE & CO US LLP


By:   /s/ *Conte C. Cicala*
      Conte C. Cicala
      Attorneys for Plaintiff
      AIR EXPRESS INTERNATIONAL USA, INC.
      d/b/a DHL GLOBAL FORWARDING

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues and matters to which it is entitled.

Dated: July 9, 2019                                CLYDE & CO US LLP


By:   /s/ *Conte C. Cicala*
         Conte C. Cicala
         Attorneys for Plaintiff
         AIR EXPRESS INTERNATIONAL USA, INC.
         d/b/a DHL GLOBAL FORWARDING

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

4553828

6

Case No. 3:19-cv-3933
COMPLAINT FOR DAMAGES